MAUD B. WINKEMEIER, Respondent, *v.* CHRISTIAN F. WINKEMEIER, Appellant. No. 2.

*Allowance to a wife — on an appeal from a judgment for divorce in her own favor — Code of Civil Procedure, § 1769.*

The court will not make an allowance to pay the expenses of an appeal by a wife from a judgment of divorce and for alimony in her own favor unless meritorious reason is presented justifying the claim therefor.

APPEAL by the defendant, Christian F. Winkemeier, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 24th day of January, 1896, as awards to the plaintiff's attorney the further counsel fee of $500 in the action.

*James C. Cropsey*, for the appellant.

*James R. Soley*, for the respondent.

BRADLEY, J.:

The plaintiff having recovered judgment for divorce, giving to her the custody of her child and awarding an annual allowance of $2,400 for herself and child, appealed from the judgment, and thereafter the plaintiff moved for the allowance of $800 for the payment of expenses theretofore incurred, and the sum of $500 for the payment of counsel fees and other expenses necessary to prosecute the appeal. The court could not properly allow against the

defendant any sum to the plaintiff to pay her past expenses. (Code Civ. Proc. § 1769 ; *Beadleston* v. *Beadleston*, 103 N. Y. 402 ; *McCarthy* v. *McCarthy*, 137 id. 500.) Assuming that the amount awarded by the order was to enable the plaintiff to prosecute her appeal, the question arises whether it can in that view be supported. She had her final judgment dissolving the marriage and granting her the other relief before mentioned. Some reason must be made to appear fairly requiring or justifying the claim for the allowance. If the appeal had been taken by the defendant it might be seen from that fact that the plaintiff would require pecuniary means to defend her judgment against the attack of the appeal. (*McBride* v. *McBride*, 119 N. Y. 519.) Our attention is called to no case in which allowance has been made to the wife as an appealing party from a judgment recovered by her. Without holding that there may not be cases in which such relief might be permissible, those in which it would be allowed must present a meritorious reason for it. The purpose of the appeal from the judgment, as indicated in the motion, is to review the determination of the court upon the question of alimony. The evidence upon that subject, given on the trial, is not, nor is the record upon which the appeal may be heard, before us. And, so far as facts are presented by the affidavits and papers upon which the motion was heard, we are unable to see any well-founded support for the allowance made for the expenses by the order.

The portion of the order appealed from should be reversed and motion denied, without prejudice to the right of the plaintiff to renew the motion at Special Term on showing some merit in its support.

All concurred.

Order, so far as appealed from, reversed and motion denied, without costs, without prejudice to the right of the plaintiff to renew motion at Special Term.