ANNA M. CONKLIN, Respondent, *v.* HORACE E. CONKLIN, Appellant.

Third Department, May 4, 1921.

Husband and wife — divorce — temporary alimony and counsel fees cannot be allowed on theory of defendant's guilt where he interposes unverified general denial but gives notice of intention not to cross-examine witnesses on question of adultery — counsel fees and disbursements cannot be allowed for services before action commenced — large expenditures in developing action disapproved — allowance for subpœna of witnesses denied.

The fact that the defendant interposed an unverified general denial of the charge of adultery in a divorce action and served notice on the plaintiff that he would not cross-examine any witnesses on the question of adultery, did not justify the court on an application for temporary alimony and counsel fees in proceeding on the theory that such notice amounted to a confession of guilt and that the defendant had been judicially declared guilty of the adultery charged, and in making the allowances on a scale which would be liberal on a final adjustment of the rights of the parties.

The allowance of temporary alimony, counsel fees and disbursements should have been considered from the standpoint that the issues in the case were yet to be tried; that the defendant was entitled to the presumption of innocence rather than that of guilt.

Section 1769 of the Code of Civil Procedure limits the right of a wife in respect to counsel fees and disbursements to such sums of money as shall be reasonably " necessary to enable her to carry on or defend the action,"

and, therefore, that part of the allowance for counsel fees and disbursements made on the basis of money expended before the commencement of the action should not have been granted.

Furthermore, the court should not take into consideration the sums so expended before the commencement of the action in fixing the allowance.

The policy of permitting attorneys to make large expenditures in developing divorce actions is disapproved.

Fifteen hundred dollars should not have been allowed for the purpose of paying the expense of serving subpœnas and other incidental expenses, for such a sum was not " necessary " to enable the wife to carry on the action since most of the essential witnesses resided near the home of the parties, and the allowance of $200 per week for the care and maintenance of the plaintiff and her three young children was ample to cover those incidental expenses.

APPEAL by the defendant, Horace E. Conklin, from so much of an order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Broome on the 12th day of January, 1921, as directs the payment by defendant of $200 per week for the support of the plaintiff and her three children during the pendency of the action, of $7,500 on account of counsel fees, and of $1,500 for the subpœna of witnesses.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the appellant.

*Hinman, Howard & Kattell* [*Harvey D. Hinman* of counsel], for the respondent.

WOODWARD, J. :

The complaint in this action is for an absolute divorce within the State of New York under its laws. The defendant has denied the material allegation of the complaint, in an unverified answer, and has given formal notice that he will not cross-examine any of the witnesses of the plaintiff upon the subject of the alleged adultery. The learned court at Special Term, in ordering alimony, counsel fees, etc., has handed down an opinion in which he says that he (the defendant) " has in effect confessed that he has been unfaithful to his marital vows, and is guilty of the several charges of adultery," and proceeds to order payments upon a basis which would be liberal, to say the least, upon a final adjustment

of the rights of the parties. We are unable to agree in this premise. Section 1757 of the Code of Civil Procedure provides that " the answer of the defendant " in an action for divorce " may be made, without verifying it, notwithstanding the verification of the complaint," and no suggestion is made that the answer is not to be treated as raising any issue which would have been raised had the answer been verified. How, then, may it be said that the defendant has in effect confessed that which he has specifically denied? The mere fact that he has given notice that he will not cross-examine any of the plaintiff's witnesses upon the question of adultery does not change the situation. He may be so confident of his inno-cence as to be willing to waive the ordinary rights of a party defendant, or he may be so willing to be relieved of the situation shown to exist by both parties in their affidavits that he is content to let the plaintiff have her divorce if she can establish the situations from which the inference of adultery can be drawn. Adultery, as the foundation of a divorce, must be proved to the satisfaction of the court, and where it depends upon circumstantial evidence, and the facts and circumstances are as consistent with innocence as with guilt, or are reconcilable with innocence, the plaintiff is not entitled to succeed (*Roth* v. *Roth*, 90 App. Div. 87), and it has been held that a failure on the part of a party to cross-examine witnesses, in connection with an unverified complaint, might justify a refusal to confirm the referee's report in favor of the plaintiff. (*Galloway* v. *Galloway*, 92 App. Div. 300.) But it has never been suggested that it operated to make an unverified denial a confession of guilt, and in view of the fact that the uncorroborated testimony of prostitutes and private detectives is insufficient to justify a judgment of divorce (*Mott* v. *Mott*, 3 App. Div. 532) we are of the opinion that the question of alimony and of counsel fees and disbursements should be considered from the standpoint that the issues in the case are yet to be tried; that the defendant is entitled to the presumptions of innocence rather than of guilt. This court has held that a husband or wife was justified in relying upon the denial of guilt on the part of either so long as they were not in possession of substantial evidence of guilt, and that a defense of

condonation could not prevail where the guilty party denied the existence of the offense at the time of the alleged condonation. (*Deisler* v. *Deisler,* 59 App. Div. 207; *Harris* v. *Harris,* 83 id. 123; *Merrill* v. *Merrill,* 41 id. 347.) The plaintiff, at the time she left the home of her husband, concededly had no evidence to justify her in believing that the defendant's denials to her were not true, and he continues those denials in the presence of her specific allegations of fact in her complaint; and the affidavits of the parties do not show that guilt which has been denied in the answer. Under such circumstances we are persuaded that the court at Special Term is not justified in making an adjudication upon the theory that the defendant has been judicially determined to be guilty of adultery. He is entitled to a trial upon the issue raised by his pleadings, and the plaintiff is entitled, under the provisions of section 1769 of the Code of Civil Procedure, during the pendency of the action, to an order or orders " requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties."

It is not necessary to hold in the present case the strict rule of *Lawrence* v. *Lawrence* (3 Paige, 267, 270) that the wife shall be limited to the actual necessities; she is entitled, no doubt, to such sums of money as shall be reasonably " necessary to enable the wife to carry on or defend the action." But the Code of Civil Procedure limits the scope of the order to " during the pendency " of the action, and it does not extend to a period antedating the bringing of the action, during which time the law presumes the wife to have been suitably cared for. The affidavit of one of plaintiff's counsel, in support of the motion here under consideration, tells in detail of matters which preceded the bringing of the action, giving an itemized statement of amounts alleged to have been " actually and necessarily paid out in procuring evidence of the defendant's adulteries and in protecting such evidence against loss and destruction, and for the relief of plaintiff's immediate necessities," aggregating $3,576.98, and the allowance of counsel fees and disbursement expenses aggregating

$9,000 is sought to be justified in part by these alleged disbursements, made before the bringing of the action. Counsel concedes that these disbursements " cannot be allowed here specifically because they were expended before the action was begun," citing *Thrall* v. *Thrall* (83 Hun, 188); *McCarthy* v. *McCarthy* (137 N. Y. 500); *Beadleston* v. *Beadleston* (103 id. 402) and *Turner* v. *Woolworth* (221 id. 425), but urges that " nevertheless the court, in fixing the allowance, could, and in good conscience ought to have taken into consideration the fact that plaintiff was financially worse off than nothing because she was justly indebted in the sum of upwards of $3,500, which obligation she will have to pay." In other words, it is contended that while the law makes provision only for sums during the pendency of the action, and " necessary to enable the wife to carry on or defend the action," and the court has no power directly to allow for debts contracted in procuring evidence, etc., to enable the plaintiff to bring the action, that this may be done indirectly by the court taking these expenditures into consideration and making the order large enough to cover the expenditure. The rule is well settled that " the law will not permit that to be done indirectly which cannot be done directly " (*Holmes* v. *Mead*, 52 N. Y. 332, 340; *Matter of Henneberger*, 25 App. Div. 164, 169; *Clarke* v. *Clarke*, 178 U. S. 186, 191, 192), and as it appears to be conceded that these expenditures made for the purpose of bringing this action do enter into the amount involved for counsel fees we are of the opinion there is substantial error entitling the defendant to relief. There is nothing in the record to show that the allowance if made for counsel fees will be used to liquidate the indebtedness of the plaintiff to those who have afforded her the means of following out an expensive system of detective work. The plaintiff's counsel insist that they are entitled to $15,000 for counsel fees, which do not include disbursements for detective work and the like antedating the bringing of the action, and while these disbursements are used to bolster up a large allowance out of the husband's estate there is nothing to prevent the plaintiff being called upon to pay her individual indebtedness afterward if she succeeds in her quest of a divorce. We doubt the policy of permitting counselors of this court to make large

expenditures in the developing of divorce actions, and while the present case suggests some reasons for a relaxation of the rules it is more important that the law should be clearly defined than that abstract justice should be done in a particular case. If the defendant is, in fact, guilty after a trial of the issue he has raised there is ample power in the court to make a proper adjustment under the provisions of section 1759 of the Code of Civil Procedure, which preserves the plaintiff's then existing dower rights.

The court has the power, under section 1769, to make and modify orders from time to time during the pendency of the action, so that the plaintiff is fully protected in her right to have a full and fair trial of the issue raised. If she succeeds she will, no doubt, be provided with funds adequate to meet her obligations and to maintain herself and her children, if their custody is given to her. We are persuaded, therefore, that the allowance for counsel fees in the present case should be reduced by the amount of the disbursements made prior to the bringing of the action. If the plaintiff fails there is no reason why the defendant should be charged for the disbursements made in collecting alleged evidence prior to the bringing of the action.

We do not find any reason for supposing that the plaintiff will be called upon to expend $1,500 in serving subpœnas and in other incidental expenses; that is a large sum of money to be used in a comparatively simple law suit, where the most of the essential witnesses upon the contested issues must of necessity reside in and near the home of the parties. No such sum is shown to be " necessary to enable the wife to carry on or defend the action," even under a liberal view of the word " necessary." The allowance of $200 per week for the support and maintenance of the wife and her three children, none of them over seven years of age, during the pendency of the action — during the time that it is being determined whether the plaintiff has a right to the relief which she seeks — would seem to be ample to provide for these incidental expenses. The defendant, if innocent, has a right to limit his family expenditures, and the court, under the pleadings as they stand, has no right to assume the guilt of the defendant and to make extravagant provisions for counsel and the

maintenance of the plaintiff and her family. The court should not be niggardly, but neither should it provide for luxuries and extravagances at this stage of the proceedings. What may be an entirely proper allowance after the trial of the action may be wholly unwarranted during the pendency of the action.

The order appealed from should be modified by striking out the sum of $3,500 from the counsel fee, the $1,500 for subpœnas, etc., and as so modified the same should be affirmed, without costs to either party.

All concur, JOHN M. KELLOGG, P. J., in the result.

Order modified in accordance with the opinion, and as so modified affirmed, without costs in this court to either party.