WILLIAM J. BEAULEY, Appellant, Respondent, *v.* HARRIET W. BEAULEY, Respondent, Appellant.

First Department, December 23, 1921.

**Husband and wife — divorce — counsel fees not allowed for past services.**

Counsel fees will not be allowed in an action for divorce for past services rendered by the wife's attorneys, unless it is necessary to enable her to further defend or prosecute, as the case may be.

APPEAL by the plaintiff, William J. Beauley, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of November, 1921, granting defendant's motion for counsel fee, and by defendant, Harriet W. Beauley, from so much of said order as fixes the amount of counsel fees of the defendant herein at $2,000 less the previous payment of $450.

*McCombs & Ryan [Edward E. McCall* of counsel; *Frederick R. Ryan* with him on the brief], for the plaintiff.

*Harry Bijur* of counsel [*Harold H. Herts* with him on the brief], for the defendant.

PER CURIAM:

From the record in the case it is clear that this counsel fee was granted to pay the defendant's attorneys for past services. The law is well settled that such an order is not authorized unless it be necessary to enable the party to further defend or prosecute, as the case may be. There is nothing in the papers which shows such a necessity. In the final judgment, if the defendant succeeds, she can receive compensation for the moneys paid to her attorney, or it may be that the attorney has a right of action against the plaintiff for moneys so expended as for necessaries. But this order was clearly unauthorized and must be reversed.

This court has decided, however, in another application (*Beauley* v. *Beauley,* 199 App. Div. 280) that the plaintiff should be allowed to amend his complaint so as to state further causes of action. When the issue is formed upon such an amended complaint, the defendant will then have opportunity to apply for such counsel fee as may be necessary

to enable her to try those issues. The reversal of this order, therefore, should be with leave to make a new application after the issues are formed under the amended complaint.

Present — CLARKE, P. J., DOWLING, SMITH, PAGE and GREENBAUM, JJ.

Order reversed and motion denied, with leave to defendant to renew motion at Special Term after joinder of issue upon the amended complaint which plaintiff has been granted leave to serve.