ANNA M. CONKLIN, Plaintiff, *v.* HORACE E. CONKLIN, Appellant.

In the Matter of the Application of HINMAN, HOWARD & KATTELL, Respondents, for an Order to Determine and Enforce Their Lien for Services Rendered and Expenses Paid and Incurred in the Action Above Entitled.

Third Department, May 3, 1922.

Attorney and client — lien of attorney — action for divorce — attorney for wife has no lien enforcible against husband for counsel fees after parties have resumed marital relations — allowance of counsel fees cannot be made after settlement of action.

The attorneys for a wife in an action for divorce have no enforcible lien against the husband for counsel fees after the parties to the action have resumed marital relations and thereby settled the action.

The lien of an attorney will attach to the money or property accruing to a client from the settlement of the action, in other words, the attorney may follow the proceeds, and it is clear that in an action for divorce which has been settled by the parties, the settlement is unavailable to the attorneys for nothing proceeds therefrom except a restoration of the marital relationship of the parties.

As counsel fees are awarded to an attorney for a wife in divorce to provide legal services to be rendered in the future an allowance cannot be made after the action has been settled.

APPEAL by the defendant, Horace E. Conklin, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 13th day of December, 1921, determining and enforcing an alleged lien for services, counsel fees and expenses.

*Mangan & Mangan [Frank J. Mangan* of counsel], for the appellant.

*Hinman, Howard & Kattell,* for the respondent.

H. T. KELLOGG, J.:

This action was brought by a wife to obtain an absolute divorce on the ground of the adultery of her husband. After issue had been joined counsel for the plaintiff applied for an allowance of counsel fees and alimony. The court directed the payment of $200 per week for alimony, $7,500 " on account of counsel fee," and $1,500 on account of disbursements of counsel already or prospectively to be made. It then referred the issues of the action to a referee to hear and determine the same. It further referred to him the question whether the plaintiff was entitled to have any further sum allowed for counsel fees. This court, on an appeal to it, modified the order by striking therefrom the allowance of $1,500

for disbursements, and reducing the allowance of counsel fees to $4,000. (196 App. Div. 607.) Thereafter, on the 10th day of August, 1921, counsel for the plaintiff made application at Special Term for an order allowing to the plaintiff additional sums for counsel fees and for disbursements made and to be made. The court made the extraordinary order that the application be referred to the referee already appointed, to be heard and determined by him with the same force and effect as if the application were determined by it. On the 6th day of November, 1921, the plaintiff voluntarily returned to the home of her husband, and the parties to the action have since resided in such home, living together as husband and wife. The issues in the action were never determined by the referee, and no decision was ever reached by him upon the question of alimony and counsel fees. On the 15th day of November, 1921, counsel for the plaintiff applied to the Special Term for an order determining and enforcing their alleged lien for services, counsel fees and expenses. The Special Term, by its order then made, attempted to determine that the plaintiff then had " a claim against the defendant for such sum or sums of money as were necessary to enable her to carry on this action; " that this claim " still exists in so far as the plaintiff's attorneys, Hinman, Howard & Kattell, are concerned; " that the claim of these attorneys " was not affected by the reconcilation of the parties and the settlement by them of their differences, and still exists; " that such attorneys " have a lien thereon for the balance remaining unpaid on account of the legal services necessarily and properly rendered by them." It appointed a referee by the same order to take evidence and report to the court " what is the fair and reasonable value of the services which have been rendered herein by said Hinman, Howard & Kattell as attorneys for the plaintiff." It attempted to provide by the same order that until the referee made a report the action should " remain *in statu quo.*" From this order the defendant has appealed.

The cause of action, upon which an attorney may have a lien, belongs to the client and not to the attorney; the right of the client in good faith to settle his cause of action and terminate a suit brought to enforce the same is absolute; the lien of the attorney does not stand in the way. (*Peri* v. *N. Y. C. R. R. Co.,* 152 N. Y. 521; *Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 id. 492.) The lien of the attorney will attach to the money or property accruing to the client from the settlement. (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co., supra.*) It is clear, therefore, that the respondents cannot continue this action to judgment. Indeed, a decree divorcing husband and wife against their will at

the instance of an attorney is unthinkable. Following the proceeds of the settlement is equally unavailable to the respondents for nothing proceeded therefrom except a restoration of the marital relationship of the parties. It is argued that the respondents have an attorney's lien upon the right of the plaintiff to obtain counsel fees from her husband. Counsel fees are granted solely to provide a wife with legal services to be rendered in the future. (*Thrall* v. *Thrall,* 83 Hun, 188; *Winkemeier* v. *Winkemeier, No. 2,* 11 App. Div. 201; *Beadleston* v. *Beadleston,* 103 N. Y. 402.) A client has the absolute right to discharge an attorney without cause at any time, no matter what may be the contract between them. (*Martin* v. *Camp,* 219 N. Y. 170.) These respondents were discharged by the act of their client and the performance of future services in this action was rendered impossible by the settlement. Therefore, an allowance of counsel fees could never be made. Moreover, counsel fees already allowed measured the respondents' right thereto, and they have been fully paid. (*Turner* v. *Woolworth,* 221 N. Y. 425.) It is entirely clear that nothing exists to which an attorney's lien may attach, and that the respondents are in this action wholly remediless.

The order should be reversed and the proceedings dismissed.

All concur, except KILEY, J., who reads memorandum for modification.

KILEY, J. (concurring in part):

I agree with Mr. Justice KELLOGG that the court at Special Term could not revive and perpetuate a cause of action that had been satisfied by the parties to the action resuming their domestic relations. I agree further that for services rendered and moneys expended after such reconciliation, plaintiff's attorneys must look to the plaintiff if there is anything due for such services and moneys expended on her account. If Mr. Justice KELLOGG's holding is to the effect that these present proceedings, petition and order, be dismissed I agree with such holding. I do not agree, if such is intended, that all proceedings be dismissed. The order appealed from and upon which this court passed in 196 Appellate Division, 607, was entered in Broome county clerk's office on the 12th day of January, 1921. It was granted at an Otsego Special Term and I assume it is the same order first appearing in the record on this appeal. The right of the attorneys for plaintiff to receive anything further as remuneration depends not upon the law as it has been applied under such circumstances. The order recites: " The parties having consented in open court to the reference of this action, it is further ordered and adjudged  *  *  *  (5).

As to whether the plaintiff is entitled to have any further sum for counsel fees herein, and how much if any." I think this consent, in effect a stipulation, survives our decision on the former appeal, and the several orders made herein at Special Term. (*Page* v. *Page*, 124 App. Div. 421.) The parties consented to have the amount due plaintiff's attorneys, at the time she destroyed the cause of action, determined at a future date, and the defendant would be, therefore, liable. The time covered and amount for which he is liable is fixed by the cases and law upon that subject as above indicated.

With this modification or explanation I concur in the result.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.