ELIZABETH ST. GEORGE THOMAS, Respondent, *v.* HENRY HARRIS THOMAS, Appellant.

First Department, April 30, 1926.

Husband and wife — separation — temporary alimony and counsel fee — parties were married in England — complaint does not show jurisdiction within Civil Practice Act, § 1162 — plaintiff not likely to succeed — alimony and counsel fee should not have been granted — subsequent amended complaint cannot be considered on appeal.

In an action for separation in which it appears that the parties were married in England, the plaintiff's motion for temporary alimony and a counsel fee should not have been granted, since the plaintiff is not likely to succeed in her action, for the complaint does not allege facts to bring the case within the first or third subdivisions of section 1162 of the Civil Practice Act, and the affidavits are insufficient to accomplish that purpose.

The Appellate Division cannot on appeal from an order granting temporary alimony and counsel fee consider a subsequent amended complaint.

APPEAL by the defendant, Henry Harris Thomas, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of February, 1926, awarding temporary alimony and a counsel fee in an action for separation.

*John A. Wickham,* for the appellant.

*Rorke & Kane* [*Frederick L. Kane* of counsel], for the respondent.

MARTIN, J. The sole point urged for appellant is that temporary alimony and a counsel fee should have been denied because it did not appear that the court had jurisdiction of the action pursuant to section 1162 of the Civil Practice Act, which provides:

"Action for separation; conditions attached to maintenance. Such an action may be maintained in either of the following cases:

" 1. Where both parties are residents of the State when the action is commenced.

" 2. Where the parties were married within the State and the plaintiff is a resident thereof when the action is commenced.

" 3. Where the parties, having been married 'without the State, have become residents of the State, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced."

No answer has been filed, defendant contending that the court is without jurisdiction. The parties were married in England, so that the 2d subdivision of the statute does not apply.

The complaint does not allege facts to bring the case within either the 1st or the 3d subdivisions, and the affidavits are insufficient to accomplish that purpose. The fair inference from plaintiff's averments is that, though she had come to this country at other times, she did not intend to remain here permanently until November, 1925.

The plaintiff says: " That about this time I had definitely made up my mind, by observing his course of conduct towards me, that my husband did not intend to return to me and our child. I then returned to England in May, 1925, for the purpose of closing several business matters and gathering all my belongings for the purpose of returning to this country to live here permanently. I returned to New York in November, 1925, and have resided in the City of New York since that time and intend to make New York City my permanent home."

In the same affidavit she sets forth that she is firmly convinced that defendant is " not a resident of this State and resides in the State of Florida." However, in an affidavit verified by defendant on a prior application relating to an order of arrest, he denied that when such order of arrest was granted he was a resident of Florida, and averred that he was and had been a resident of New York for two and one-half years. In this affidavit just referred to it is also indicated that plaintiff entered this country as a temporary visitor, remaining a British subject.

The complaint now before us does not state a cause of action. (*Conrad* v. *Conrad*, 123 App. Div. 384; *Katz* v. *Katz*, 203 id. 672.) The probability of plaintiff being able to establish the necessary jurisdictional facts under section 1162 of the Civil Practice Act was too doubtful to warrant the court at Special Term in believing that she would succeed in the action. (*De Vide* v. *De Vide*, 186 App. Div. 814.)

The reference to a subsequent amended complaint is of no force on this appeal, whatever may be the value of such a pleading on a further application.

The order should be reversed and the motion denied.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed and motion denied.