ADELE GUTTAS, Plaintiff, *v.* DEEB GUTTAS, Defendant.

Supreme Court, Erie County, February 1, 1928.

**Husband and wife — divorce — extra allowance of counsel fees — referee had found in favor of plaintiff in action for separation when defendant had case reopened in order to try issue of adultery — prior order in case allowed counsel fees but recited that allowance was not to preclude plaintiff from applying for additional counsel fee thereafter — under Civil Practice Act, § 1169, court is warranted in making allowance of counsel fee of $1,000.**

On this motion for the confirmation of a referee's report, plaintiff's attorney applied for an extra allowance of counsel fees by reason of the fact that the defendant was permitted to reopen the action, which was one for separation, and interpose an answer which asked for an absolute divorce. It appears that a prior order made on the application for the confirmation of the referee's first report allowed counsel fees upon the condition that said allowance was not to preclude a subsequent application for additional counsel fees for services and expenses in the trial of issues thereafter to be litigated.

Under these circumstances, the court is warranted in making an award to plaintiff's attorney, under section 1169 of the Civil Practice Act, in the sum of $1,000 as counsel fees, particularly where plaintiff was obliged to go through the ordeal of another trial on a new issue, which consumed many days in court.

MOTION for confirmation of referee's report and for counsel fees.

*Jay T. Barnsdall, Jr.,* and *Henry W. Fox,* for the motion.

*Godfrey M. Frohe,* opposed.

CHURCH, J. This is a motion for the confirmation of the findings of fact and conclusions of law and decision, opinion and report based thereon, by the Hon. Charles B. Wheeler, official referee in the above-entitled matter; and for an allowance of counsel fees and an extra allowance under sections 1169, 1173, 1513 and 1514 of the Civil Practice Act.

The report of the official referee is dated December 15, 1927, and is supplemental to a report theretofore made, dated the 25th day of February, 1927.

This action was originally an action for separation only, and it was not until the coming in of the referee's report and decision dated February 25, 1927, in which he found for the plaintiff, that it assumed a different form.

At that time and on the 31st day of May, 1927, an order bearing date on that day, permitted the defendant to have the case reopened and serve an amended answer by which adultery on the part of the plaintiff was alleged and an absolute divorce asked on the grounds therein set forth.

The report of the referee finds that the defendant has failed to

establish that the plaintiff committed the several acts of adultery, or any of them, alleged in and set forth in his said amended answer, and concludes that said answer should be dismissed, with costs.

This court is satisfied from a perusal of the referee's report herein that the most careful and conscientious consideration has been given by said referee to the matters submitted to him for determination. The finding shows that he considered that certain witnesses produced by the defendant in support of the charges of adultery testified falsely, and his long experience and knowledge of men and affairs convinces this court that his findings and conclusions are in all respects justified and I, therefore, confirm the report of the referee dated February 25, 1927, and the findings of fact and conclusions of law based thereon and the report of December 15, 1927, and findings of fact and conclusions of law based thereon and direct that judgment may be entered accordingly.

A more difficult question is presented on the application made on behalf of the plaintiff's attorney and his distinguished counsel for additional compensation either in the form of counsel fees or an extra allowance.

This court is satisfied that this is a case where extra compensation has been earned and where the aggravated circumstances under which the plaintiff has labored and fought in the bitterly contested litigation are such that did the law allow it, this court should make a substantial monetary provision for the compensation of the attorneys for the plaintiff.

The obstacle which the court must meet, in order to properly compensate the attorneys for the plaintiff seeking an additional allowance for counsel fees herein, is the section of the Civil Practice Act itself, namely, section 1169, and the decisions thereunder. These decisions uniformly hold that the allowance of counsel fees must be for services to be rendered in the future and not for past services. This is the rule laid down in *McCarthy* v. *McCarthy* (137 N. Y. 500); *Beadleston* v. *Beadleston* (103 id. 402); *Turner* v. *Woolworth* (221 id. 425), and in many other decisions in various courts of this State. Were it not, therefore, that there is an element in this case that distinguishes it from the cases cited above and which are relied on by the defendant herein, this court would feel constrained to deny the application made on behalf of the attorneys for the plaintiff, much as it feels that justice requires such an allowance.

In this case the order of Judge LARKIN, dated the 31st day of May, 1927, which has been referred to, recites a motion made by the plaintiff for the confirmation of the referee's first report and, among other things, for " an allowance of counsel fees," and it

then proceeds to recite the countermotion of the defendant to reopen the case, and orders such reopening " upon the following terms and conditions." It then provides for the payment of $125 costs and disbursements, and $200 counsel fees, but further provides that such allowance " is not to be deemed to preclude her from applying for an additional counsel fee for services and expenses other than those taxed in her bill of costs in the trial of the issues already litigated and hereafter to be litigated. Further hearing on the plaintiff's said motion is hereby held pending the further report herein of said referee." The plaintiff's motion had, as has already been pointed out, been, among other things, for " an allowance of counsel fees " and the effect of the order permitting the reopening of this case and one of the conditions recited in such order, was that further hearing on plaintiff's said motion, which included the question of a further allowance for counsel fees, should be held pending the further report herein of said referee. This, to my mind, brings this case under a rule different from that of the *McCarthy* case and kindred cases and within the rule laid down in the case of *Page* v. *Page* (124 App. Div. 421).

In that case an agreement was entered into that the application for additional counsel fees should be postponed until the settlement of the decree. Under these circumstances the court said: " I think, under these circumstances, that the court had power to make an award as if the application had been made at the time the first agreement was entered into. I can see no reason why the parties cannot agree that a determination as to the amount that the husband is to pay instead of being made ·at the commencement of the action should be determined after the services were rendered."

That case was affirmed, on the opinion of the court below, in 195 New York, 540.

The recital in the order of Judge LARKIN, which has been quoted above, indicates that the attorneys who consented to the entry of such order must have agreed to that provision thereof, and that in any event it was a determination by the court that the matter of additional counsel fees should be postponed until the coming in of the report of the referee, which is now before us for confirmation. With that view of this case and bearing in mind that this plaintiff was under aggravated circumstances, and, on the insistence of the defendant, obliged to go through the ordeal of defending her good name on a new issue, which consumed many days in its trial, the sum of $1,000 is awarded to the attorney for the plaintiff as counsel fees, in addition to a bill of costs and actual disbursements, to which he is entitled as matter of law.