SYLVIA ZINN, Plaintiff, *v.* HERMAN ZINN, Defendant.

Supreme Court, Trial Term, New York County, November 8, 1940.

*Morris H. Halpern*, for the plaintiff.

*John Bogart*, for the defendant.

WALTER, J. In this action by wife against husband for separation a motion for counsel fees and alimony *pendente lite* was denied apparently because it was thought that the husband was unable to pay. When the case was called for trial before me nearly a year later the plaintiff appeared without her attorneys of record but with another attorney, who stated that he had had no prior connection with the case and did not desire to become the plaintiff's attorney of record but was willing to come to her assistance for the purpose of the trial. Upon its then being shown that plaintiff's attorney of record, with knowledge of the impending trial, had turned the papers over to the plaintiff, I stated that the attorney then before me would be recognized as plaintiff's trial counsel. He thereupon tried the case on plaintiff's behalf with skill and with fidelity to his position. At the close of the trial I announced a decision awarding the plaintiff

a separation with alimony and reserved decision upon an application for a counsel fee then made by the counsel who had thus successfully tried the case pending investigation as to my power to grant such application at that stage of the case.

The well-settled rule undoubtedly is that no allowance for counsel fees in a matrimonial action can be made for services already rendered. (*Beadleston* v. *Beadleston,* 103 N. Y. 402; *McCarthy* v. *McCarthy,* 137 id. 500; *Beauley* v. *Beauley,* 199 App. Div. 279; *Stevens* v. *Stevens,* 214 id. 785; *Fisher* v. *Fisher,* 223 id. 19; *Loffredo* v. *Loffredo,* 226 id. 746.) An equally well-settled rule is that a motion for counsel fees in such an action, made in advance of trial, must be denied unless it be shown that there is a reasonable probability that the wife will succeed upon the trial. (*Thomas* v. *Thomas,* 216 App. Div. 546; *Werner* v. *Werner,* 204 id. 791; *Gould* v. *Gould,* 201 id. 127, 129; *De Vide* v. *De Vide,* 186 id. 814, 816; *Rolnick* v. *Rolnick,* 223 id. 772.) If both rules be treated as absolute and rigidly enforced, then there never can be an award of counsel fees in any case in which a motion therefor in advance of trial has been denied because of a lack of showing of reasonble probability of success and perhaps not in any case in which such motion has been denied upon any other ground even though the trial demonstrate that the wife was entitled to succeed and the husband is able to pay. Nevertheless, in *Buchanan* v. *Buchanan* (258 App. Div. 861) a motion for counsel fee made in advance of trial had been denied and a similar motion made at the conclusion of the trial had been denied, and the Appellate Division, in affirming a judgment of separation and for alimony, yet gave leave to the wife to move at Special Term to amend the judgment by providing that she recover a counsel fee. That, it seems to me, necessarily is an adjudication that under some circumstances an award may be made for services already rendered. Similar adjudications were made in *Page* v. *Page* (124 App. Div. 421; affd., 195 N. Y. 540) and in *Guttas* v. *Guttas* (131 Misc. 278).

I thus am of the opinion that the real meaning and underlying principle of the rule first above mentioned are that counsel fees are to be awarded only when " necessary to enable the wife to carry on or defend the action " (Civ. Prac. Act, § 1169), and that the fact that a wife actually has secured the rendition of the attorney's services necessary for such purpose ordinarily is a demonstration. that she has been able to conduct the litigation out of her own means or upon her own credit and consequently no award of counsel fees was necessary. A necessary corollary is that where the circumstances show that such services were not in fact provided out

of the wife's own means or upon her own credit, an award may be made even though the services have been rendered prior to the time the award is made. That, I think, is plainly indicated in *Beadleston* v. *Beadleston, McCarthy* v. *McCarthy* and *Buchanan* v. *Buchanan* (*supra*) and is the specific holding in *Page* v. *Page* and *Guttas* v. *Guttas* (*supra*).

In the case at bar it satisfactorily appears that the plaintiff has no means of her own and that the services rendered by the counsel who tried the case in her behalf were not in fact rendered upon her credit, and I, therefore, feel justified in awarding him $150, to be paid in three equal monthly installments. That allowance is to include services in preparing, submitting and entering the final judgment herein.

Settle judgment on notice accordingly.