JOSEPHINE PARKAS, Respondent, *v.* PETER PARKAS, Appellant.

First Department, February 27, 1942.

*David P. Siegel,* for the appellant.

*Frederick E. Klein,* for the respondent.

PER CURIAM. The order appealed from provides for the payment of $1,377.50 printing expenses and $1,500 as compensation for services of counsel on appeal. It was entered December 22, 1941, on an application for a " rehearing, reconsideration and reargument " of a motion for the same relief made in April, 1941, which original application was denied by the Special Term justice without prejudice to an application to this court. At that time there was pending in this court an appeal from an order setting aside the verdict of a jury in favor of the plaintiff wife and ordering a new trial. The Special Term justice also denied an application for a reargument. No appeal was taken from the order denying the original application.

In October, 1941, the plaintiff made an application to this court for similar relief which was denied on November 10, 1941. Later, and on December 12, 1941, the order setting aside the verdict of the jury and ordering a new trial was affirmed by this court, two justices dissenting. (263 App. Div. 804.) Thereafter the so-called rehearing application was made at Special Term.

Apart from the untimeliness of the rehearing application, the relief sought should have been denied by Special Term. The original application was denied without prejudice to an application to this court. When that application was made this court denied it. It must be obvious that the denial was on the merits. Any possible question that the denial was on the merits was eliminated when this court on December 2, 1941, denied a motion to resettle the order so as to have it recite that the denial was not on the merits and was without prejudice to an application for rehearing at Special Term. When this court considered the motion the printing expenses had been incurred and the appeal had been argued.

Section 1169 of the Civil Practice Act authorizes a direction for the payment of moneys necessary to enable a wife to carry on or defend an action for divorce or separation, but this contemplates prospective services and disbursements. (*Conklin* v. *Conklin*, 201 App. Div. 170; affd., 234 N. Y. 546; *Beauley* v. *Beauley*, 199 App. Div. 279; *Beadleston* v. *Beadleston*, 103 N. Y. 402.)

For the reasons set forth above the order appealed from should be reversed, without costs, and the motion denied.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; O'MALLEY, J., concurs in result in memorandum; UNTERMYER, J., dissents and votes to affirm.

O'MALLEY, J. (concurring). Under the particular circumstances here disclosed, I do not agree that the application to this court or the application to Special Term for reconsideration and reargument, leading to the order here under review, was untimely made. The original application made before any services had been rendered 'or expense incurred was denied without prejudice. The subsequent applications made here and later at Special Term must be deemed to have been made pursuant to leave granted under the original order. However, I concur in the result.

Order reversed, without costs, and motion denied.