Murry C. Becker et al., Copartners Doing Business under the Name of Becker, Ross & Stone, Plaintiffs, v. Melvin Pine, Defendant.

Supreme Court, Special Term, New York County, May 20, 1948.

*Leonard H. Birchenthal* for plaintiffs.

*Allen Blank* for defendant.

Pecora, J. This motion to strike out the defense pleaded in a supplemental answer is granted on the grounds that the defense is insufficient in law and sham. The action was brought to recover the value of legal services rendered to defendant's wife in the negotiation of a separation agreement which defendant allegedly refused to sign. After the instant action was commenced, plaintiffs as attorneys for the wife brought an action for separation against defendant in which they were awarded a counsel fee. The award and payment of that counsel fee has been pleaded in the supplemental answer as a defense to this action. There is no doubt that an award of counsel fees pursuant to section 1169 of the Civil Practice Act is to enable a wife to carry on and defend that action. In fact, such an award must be limited to the services rendered in the action and " contemplates prospective services and disbursements." (*Parkas* v. *Parkas*, 263 App. Div. 367, 368.) Thus the award made in the separation action would not be a bar to the instant action which was brought for services rendered before the separation action was commenced (*Grossman* v. *Grossman*, N. Y. L. J., March 15, 1938, p. 1271, col. 2, Rosenman, J.). All that *Turner* v. *Woolworth* (221 N. Y. 425, relied on by defendant) held was that an award of counsel fees in a separation action measured the husband's obligations to pay for services rendered in the action, and that once such an award was made, an attorney was no longer at liberty to sue at common law for the value of the same services. Settle order.