In the Matter of ROBERT P. GRIFFING et al., Practicing Law under the Name of GRIFFING, SMITH AND LUNDBERG, Appellants. THOMAS F. KEARNS, Respondent.— In an action for separation by wife against husband, petitioners were the former attorneys for the husband, who interposed a counterclaim for separation. On a motion by the husband for substitution of attorneys, petitioners applied for the fixation of their fee on the theory that, where attorneys are discharged without cause, they are entitled to be paid before they surrender their position as attorneys of record. The motion for substitution was granted and the application for the fixation of petitioners' fee was denied, without prejudice to the commencement of a plenary suit by petitioners to recover for their services. Order affirmed, with $10 costs and disbursements. Since a client has an absolute right to discharge his attorneys at any time with or without cause, the motion for substitution must be granted, although without prejudice to any retaining or charging lien which the attorneys have. (Matter of Lydig, 262 N. Y. 408.) Petitioners do not claim any retaining lien. They do not have a charging lien because their client's counterclaim for separation would not bring any fund into existence. (Matter of Heinsheimer, 214 N. Y. 361; Conklin v. Conklin, 201 App. Div. 170, affd. 234 N. Y. 546.) Furthermore, it is stated without contradiction that the action has proceeded to. trial and resulted in a judgment for the wife, which means that the counterclaim of the defendant husband was dismissed. In no event may there be a charging lien after the client's cause of action has been dismissed. (Matter of Cooper [McCauley], 291 N. Y. 255, 261.) Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Ughetta, JJ., concur.

■

In the Matter of JOHN F. McMAHON et al., Appellants, against MARTIN J. FAY, Individually and as One of the Justices of the Court of Special Sessions of the City of Yonkers, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act for an order in the nature of a writ of prohibition, restraining respondents from proceeding with the hearing and determination of certain charges of misdemeanors against appellants, order denying appellants' application unanimously affirmed, with $50 costs and disbursements. The Court of Special Sessions of the City of Yonkers has jurisdiction to hear and determine all charges against appellants (Code Crim. Pro., § 56, subds. 26-a, 29-a, 32, 37; Charter of the City of Yonkers, art. XIII, §§ 1, 2; L. 1908, ch. 452, as amd.), subject only to the power of removal provided for in sections 57 and 58, and of being divested of jurisdiction as provided in section 59 of the Code of Criminal Procedure. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Ughetta, JJ.