■ EVELYN BRODY, Appellant, v. BARNIE BRODY, Respondent. — The circumstances of the parties justify a greater weekly allowance than the sum of $250 which was granted to the wife for the support and maintenance of herself and infant children and also warrant a greater allowance for counsel. The wife may not be granted an award for living expenses incurred prior to the effective date of the order, since temporary alimony contemplates maintenance between the time of the application for such temporary alimony and the trial of the action (*Conklin* v. *Conklin,* 196 App. Div. 607, 610). Nor may counsel be given an allowance for past services. The award contemplates prospective services and disbursements (*Parkas* v. *Parkas,* 263 App. Div. 367, 368). It is desirable in making an allowance for temporary alimony that provision be made, insofar as practicable, for all requirements of the wife and children. Accordingly, in modifying the decree it is contemplated that the allowance made to the wife will be sufficient to pay for her clothing and the infant children's clothing, the outfitting and maintenance of the said infant

children at summer camp and at school, and for the essential use of an automobile by plaintiff. Order unanimously modified so as to provide for payment to plaintiff of the sum of $400 a week for the support and maintenance of herself and infant children and also for the payment of $5,000 for plaintiff's counsel fee. The provisions of the order directing that defendant pay a reasonable amount for the clothing of plaintiff and the infant children and for the outfitting and maintenance of the said children at summer camp and for payment by the defendant of tuition fees and school maintenance expenses of the infant children are deleted. As so modified, the order is affirmed. Settle order on notice. Concur — Botein, J. P., Rabin, McNally and Bergan, JJ. [See post, p. 1015.]